IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH TUCKER | CIVIL ACTION |
| v. | |
| CARLSON HOTELS d/b/a RADISSON, GF MANAGEMENT, INC., JOHN DOE 1-5 and ABC - XYX CORP., (such names being fictitious) | NO. 2:11-cv-03941-ES-CLW |

### RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendants, GF Management, Inc. (hereinafter "GF Management"), and Carlson Hotels, Inc. (improperly named as Carlson Hotels d/b/a Radisson and, hereinafter "Carlson Hotels") hereby file a Response to plaintiff's Notice of Motion to Amend Complaint, and the numbered paragraphs in the "Certification" supplied with it, in partial support and partial opposition thereto, as follows:

1. Admitted.

2. Admitted. By way of further response, although this paragraph only mentions that the plaintiff is seeking leave to amend the Complaint to include WCI Grounds Maintenance Services, LLC (hereinafter "WCI"), as an additional defendant, the proposed Amended Complaint attached to the plaintiff's motion also attempts to add Valley Forge Colonial Limited Partnership (hereinafter "Valley Forge Colonial") as a defendant. *See*, Exhibit "A" to the plaintiff's Motion to Amend Complaint. WCI is a proper and indispensible party, and should be joined in this matter. However, Valley Forge Colonial, which is not a party to this matter, is a Pennsylvania corporation with its sole place of business in Pennsylvania. The sole purpose of Valley Forge Colonial is to own and operate the Valley Forge Convention Center, in Valley

Forge, Pennsylvania, the site of the plaintiff's alleged accident. Thus, no personal jurisdiction exists over Valley Forge Colonial in any New Jersey court. The responding defendants therefore object to any attempted joinder of Valley Forge Colonial, on the basis that this court lacks the necessary personal jurisdiction over that entity.[1]

3. Admitted, for the purposes of this motion. However, responding defendants hereby incorporate all of its responses and defenses raised in their respective Answers to the plaintiff's Complaint.

4. Admitted, for the purposes of this motion. However, responding defendants hereby incorporate all of its responses and defenses raised in their respective Answers to the plaintiff's Complaint.

5. Admitted, only that counsel advised the plaintiff's counsel that WCI was the snow removal contractor for the Valley Forge Convention Center at the relevant time.

6. Admitted in part. However, by way of further response, GF Management and Carlson Hotels hereby incorporate their response to paragraph 2, above.

7. Admitted in part. However, by way of further response, GF Management and Carlson Hotels hereby incorporate their response to paragraph 2, above.

**WHEREFORE**, defendants, GF Management and Carlson Hotels, respectfully request that plaintiff's motion be granted in part and denied in part. Specifically, WCI is a proper and indispensible party, and should be joined in this matter. However, as there is no personal jurisdiction over Valley Forge Colonial Limited Partnership, any reference to it should be struck

---

[1] Although counsel does not currently represent Valley Forge Colonial, as it is not currently a party to this action, if it were to be joined, counsel would enter our appearance on its behalf. At that time, the objection to personal jurisdiction over Valley Forge Colonial would be asserted further by motion.

McCormick & Priore
Attorneys at Law

from the proposed Amended Complaint.

                                                    **McCORMICK & PRIORE, P.C.**

Dated: January 11, 2012                          By: _____
                                                             Philip D. Priore, Esquire
                                                             Attorneys for Defendants, GF
                                                             Management, Inc., and Carlson
                                                              Hotels, Inc. (improperly named as
                                                              Carlson Hotels d/b/a Radisson)
                                                              301 Carnegie Center Blvd.,
                                                              Suite 101
                                                              Princeton, NJ 08540

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEBORAH TUCKER | : | CIVIL ACTION |
| v. | : | |
| CARLSON HOTELS d/b/a RADISSON, GF MANAGEMENT, INC., JOHN DOE 1-5 and ABC - XYX CORP., (such names being fictitious) | : | NO. 2:11-cv-03941-ES-CLW<br><br>**AFFIRMATION OF SERVICE** |

    I, Philip D. Priore., Esquire, declare under penalty of perjury that I have served a copy of the attached Response to Plaintiff's Motion to Amend Caption upon Sander Budanitsky, Esquire, with the Law Office of Sander Budanitsky, LLC located at 520 West First Avenue, Roselle, New Jersey 07203 via first class mail, postage prepaid.

**McCORMICK & PRIORE, P.C.**

Dated: January 11, 2012

By: _____
Philip D. Priore, Esquire
Attorneys for Defendants, GF
Management, Inc., and Carlson
Hotels, Inc. (improperly named as
Carlson Hotels d/b/a Radisson)
301 Carnegie Center Blvd.,
Suite 101
Princeton, NJ 08540